UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SANDRA DEZEGO,

    Plaintiff,

vs.

CASE NO.: 6:01-cv-1205-Orl-28JGG
JUDGE:

A. G. EDWARDS & SONS, INC.,

    Defendant. /

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, **SANDRA DEZEGO**, states and alleges as follows:

### JURISDICTION AS TO ALL COUNTS

1. This is a civil action for damages brought pursuant to the Federal Employment Discrimination Act.

2. At all times hereto Defendant, **A. G. EDWARDS & SONS, INC.**, was a corporation incorporated under the laws of the State of Missouri, registered as a foreign corporation under the laws of the State of Florida. Any and all allegations contained hereto occurred at Defendant's place of business located at Palm Coast, State of Florida. Defendant is an employer pursuant to 42 U.S.C. §2000(e). Defendant's principle purpose of business is providing financial services and advice to various customers.

3. Plaintiff, **SANDRA DEZEGO**, is a resident of the City of Daytona Beach, County of Volusia, State of Florida and was a resident at all times alleged hereto.

4. On or about June 6, 2001, Plaintiff, **SANDRA DEZEGO**, filed a charge of discrimination with the Equal Employment Opportunity Commission.

5. On or about July 15, 2001, Plaintiff, **SANDRA DEZEGO**, received a Notice of Right to Sue from the Equal Employment Opportunity Commission dismissing this matter. A copy of that letter is attached hereto as Exhibit "A".

6. The Plaintiff, **SANDRA DEZEGO**, has filed this action within ninety (90) days of receipt of that letter.

7. The Plaintiff has exhausted all administrative remedies pursuant to 42 U.S.C. §2000(e)(5) prerequisite to bringing this action by filing a claim with the Equal Employment Opportunity Commission within three hundred (300) days of the act of discrimination and filing suit within ninety (90) days of Plaintiff's receipt of Notice of Dismissal.

## COUNT I

### RETALIATION

8. On or about November, 2000, Plaintiff, **SANDRA DEZEGO**, was transferred from Defendant's Ormond Beach, Florida branch to Defendant's Palm Coast, Florida branch, wherein Plaintiff was a Financial Associate.

9. Plaintiff worked for Defendant corporation until on or about June 18, 2001, wherein Plaintiff was terminated from employment by Defendant.

10. Prior to Plaintiff's termination from employment, from a period beginning about the end of December, 2000 until about April 26, 2001, Plaintiff's supervisor, on a continual and constant basis, made unwelcome and uninvited sexually vulgar comments to Plaintiff, touched Plaintiff inappropriately on various parts of

2

her body, such as Plaintiff's legs, and asked Plaintiff to have sexual relations with him. These actions by Plaintiff's supervisor were without Plaintiff's consent and were over the objections of Plaintiff.

11. On or about April 26, 2001, pursuant to Defendant's policies concerning sexual harassment, Plaintiff filed a formal complaint.

12. Subsequent to Plaintiff filing a formal complaint, Plaintiff was separated from Plaintiff's supervisor's work area and subsequently placed on probation due to what Defendant indicated was Plaintiff's work performance.

13. Plaintiff was subsequently terminated from employment by Defendant wherein Defendant indicated that Plaintiff was making too many errors in the workplace.

14. Defendant's actions in placing Plaintiff on probation and subsequently terminating Plaintiff from employment were in retaliation for Plaintiff filing the complaint of sexual harassment.

15. Defendant's explanations for placing Plaintiff on probation and terminating Plaintiff, that being that Plaintiff made too many errors in the workplace, were pretext for Defendant's unlawful termination of Plaintiff.

16. As a result of Defendant unlawfully placing Plaintiff on probation and subsequent unlawful termination from employment of Plaintiff, Plaintiff has suffered lost past and future wages, mental anguish, humiliation, and other sums to which Plaintiff,

**SANDRA DEZEGO**, is entitled pursuant to the Federal Employment Discrimination Act, 42 U.S.C. §2000(e), et. seq.

17. At all times alleged hereto, Plaintiff had performed her job duties for Defendant in a successful and competent manner.

18. Defendant's actions, by and through Plaintiff's supervisor, were in violation of Plaintiff's rights pursuant to the Federal Employment Discrimination Act, 42 U.S.C. §2000(e), et. seq.

19. The actions on the part of Defendant were willful and intentional.

20. Pursuant to filing this action, Plaintiff, **SANDRA DEZEGO**, has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, **SANDRA DEZEGO**, demands damages for the following:

A. An Order enjoining Defendant from any past or future violations of the Federal Employment Discrimination Act.

B. Compensatory damages including damages for lost past and future wages, mental anguish, embarrassment, humiliation and other sums to which Plaintiff, **SANDRA DEZEGO**, is entitled pursuant to 42 U.S.C. §2000(e), et. seq.

C. Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to 42 U.S.C. §2000(e), et. seq.

D. Punitive damages for Defendant's reckless and intentional violation of the act.

E. Granting such further affirmative relief as the Court

deems just and proper to eliminate the effects of Defendant's, unlawful employment practices.

F. Trial by jury.

## COUNT II

### SEXUAL HARASSMENT

21. On or about November, 2000, Plaintiff, **SANDRA DEZEGO,** was transferred from Defendant's Ormond Beach, Florida branch to Defendant's Palm Coast, Florida branch, wherein Plaintiff was a Financial Associate.

22. Plaintiff worked for Defendant corporation until on or about June 18, 2001, wherein Plaintiff was terminated from employment by Defendant.

23. Prior to Plaintiff's termination from employment, from a period beginning about the end of December, 2000 until about April 26, 2001, Plaintiff's supervisor, on a continual and constant basis, made unwelcome and uninvited sexually vulgar comments to Plaintiff, touched Plaintiff inappropriately on various parts of her body, such as Plaintiff's legs, and asked Plaintiff to have sexual relations with him. These actions by Plaintiff's supervisor were without Plaintiff's consent and were over the objections of Plaintiff.

24. Plaintiff is a member of a protected class pursuant to the Federal Employment Discrimination Act, 42 U.S.C. §2000(e), et. seq.

25. Defendant's actions, by and through Plaintiff's supervisor, were in violation of Plaintiff's rights pursuant to the

Federal Employment Discrimination Act, 42 U.S.C. §2000(e), et. seq.

26. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer mental anguish and humiliation.

27. The actions on the part of Plaintiff's supervisor were willful and intentional.

28. Pursuant to filing this action, Plaintiff, **SANDRA DEZEGO**, has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee.

**WHEREFORE**, Plaintiff, **SANDRA DEZEGO**, demands damages for the following:

A. An Order enjoining Defendant from any past or future violations of the Federal Employment Discrimination Act.

B. Compensatory damages including damages for mental anguish, embarrassment, humiliation and other sums to which Plaintiff, **SANDRA DEZEGO**, is entitled pursuant to 42 U.S.C. §2000(e), et. seq.

C. Costs and disbursements incurred in the prosecution of this action including reasonable attorneys' fees pursuant to 42 U.S.C. §2000(e), et. seq.

D. Punitive damages for Defendant's reckless and intentional violation of the act.

E. Granting such further affirmative relief as the Court deems just and proper to eliminate the effects of Defendant's, unlawful employment practices.

F. Trial by jury.


Respectfully submitted this 12th day of October, 2001,

_____
DAVID W. GLASSER, ESQUIRE
TRIAL COUNSEL
GLASSER AND HANDEL
150 South Palmetto Ave., Box N
Daytona Beach, FL 32114
Telephone: (386) 252-0175
Facsimile: (386) 248-2237
Fla. Bar No. 780022
Attorney for Plaintiff

F:\Files\LL\D-F\Dezego\complaint.WPD

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
# NOTICE OF RIGHT TO SUE
### (ISSUED ON REQUEST)

| To: | From: |
|---|---|
| Ms. Sandra DeZego<br>1002 Sutton Circle, Apt. 22<br>Daytona Beach, Florida 32114 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150 A1 2657 | Martin J. Rosenthal, Investigator | (305) 536-7245 or (800) 669-4000 |

(See the additional information attached to this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

JUL 13 2001
(Date Mailed)

Federico Costales, District Director

Enclosures
Information Sheet
Copy of Charge

cc: Ms. Debra Glover
Manager of Employee Relations
**A.G. Edwards & Sons, Inc.**
One North Jefferson Street
Saint Louis, Missouri 63103

EXHIBIT "A"

EEOC Form 161-B (10/96)